**United States District Court**
For the Northern District of California

1
2
3                          UNITED STATES DISTRICT COURT
4                          NORTHERN DISTRICT OF CALIFORNIA
5                               OAKLAND DIVISION
6
7   MICHAEL and JACQUELINE
    BONNIFIELD and ANGELA PELFREY,
8                                                  No. C 12-3857 PJH (PR)
        Petitioners and Next Friends of
9                                                  **ORDER FOR RESPONDENT**
    ANTHONY PELFREY,                               **TO SHOW CAUSE**
10
        Real Party in Interest,
11
      vs.
12
    GREG LEWIS, Acting Warden, Pelican
13  Bay State Prison,
14                  Respondent.
    _____/
15

16          Petitioners are friends (the Bonnifields) and the sister (Angela Pelfrey) of a California

17  prisoner currently incarcerated at Pelican Bay State Prison.  They contend that petitioner's

18  mental state is such that he cannot petition for habeas relief on his own behalf, so they

19  have done so as his next friends.  They have paid the filing fee.

20          Petitioner was convicted in Mendocino County, which is in this district, so venue is

21  proper here.  *See* 28 U.S.C. § 2241(d).

22                                     **BACKGROUND**

23          After a bench trial, petitioner was found guilty of attempted murder and two counts of

24  assault with a deadly weapon with infliction of great bodily injury.  He was sentenced to

25  thirteen years in prison.  The California Court of Appeal affirmed with a minor modification

26  and the Supreme Court of California denied review.  Petitioner also filed state habeas

27  petitions in the court of appeal and the supreme court contemporaneously with his appeal.

28  In those petitions he presented the issues raised here.  Both were denied.

United States District Court
For the Northern District of California

**DISCUSSION**

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).   "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that his attorney was ineffective in that he:  (1) waived a jury trial; (2) failed to present a mental defense to the "intent to kill" element of attempted murder; (3) was unaware of a California case that made the insanity defense unavailable under the facts as counsel presented them; (4) failed to investigate sufficiently to discover evidence of causes of petitioner's mental difficulties other than his long-term drug use; and (5) failed to obtain and present expert testimony about these other causes of petitioner's mental difficulties.  These claims are sufficient to require a response.

**CONCLUSION**

1.  The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the

**United States District Court**
For the Northern District of California

1  State of California.  The clerk also shall serve a copy of this order on petitioner.

2     2.  Respondent shall file with the court and serve on petitioner, within sixty days of

3  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

4  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

5  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

6  portions of the state trial record that have been transcribed previously and that are relevant

7  to a determination of the issues presented by the petition.

8     If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

9  the court and serving it on respondent within thirty days of his receipt of the answer.

10     3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

11  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

12  Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the

13  date this order is entered.  If a motion is filed, petitioner shall file with the court and serve

14  on respondent an opposition or statement of non-opposition within twenty-eight (28) days of

15  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

16  within fourteen days of receipt of any opposition.

17     4. Petitioner is reminded that all communications with the court must be served on

18  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

19  must keep the court informed of any change of address and must comply with the court's

20  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

21  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

22  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

23     **IT IS SO ORDERED.**

24  Dated:  August 8, 2012.                    _____

25                                   PHYLLIS J. HAMILTON
                                   United States District Judge

26

27

28

G:\PRO-SE\PJH\HC.12\Pelfrey3857.osc.wpd